IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2018

**STATE OF TENNESSEE v. DALVIN SMITH**

**Appeal from the Criminal Court for Shelby County**
**No. 15-06293          W. Mark Ward, Judge**

_____

**No. W2017-01915-CCA-R3-CD**
_____

JAMES CURWOOD WITT, JR., J., concurring.

I concur in affirming the sentences in this case, but I would rule that the record is inadequate for a ruling on the merits, resulting in a determination that we must presume the propriety of the trial court's sentencing decisions. Most often, when only a sentencing issue is raised on appeal, the appellant has pleaded guilty. In this case, the defendant was tried and convicted by a jury. The record on appeal, however, does not include a transcript of the trial evidence.

In reviewing a sentence on appeal, this court is obliged to conduct a review "on the record of the issues." T.C.A. § 40-35-401(d). For this statutorily mandated review to occur, the appellant must provide a full and fair record of what transpired in the trial court, including the components relied upon by the trial court in determining the sentence; this burden clearly rests upon the appellant. Tenn. R. App. P. 24(b). In the present case, this burden included the obligation to present the trial transcript in the record on appeal.

Because the sentences in this case were imposed following a jury trial, the trial judge was familiar with the evidence admitted at trial and obviously relied upon that evidence in determining that the jury's verdicts had already afforded the defendant a measure of largess – a situation that the court believed justified harsh sentences. This sentencing practice has been approved by this court on the basis that the nature and circumstances of the *conviction* offense are exacerbated because they would have justified a conviction of a more serious offense. *See, e.g.*, *State v. Larry J. Coffey, Jr.*, No. E2008-00087-CCA-R3-CD, slip op. at 7 (Tenn. Crim. App., Knoxville, Feb. 18, 2009) (approving the denial of probation based upon "the nature and circumstances of the offense" where the trial court noted "that the jury was lenient in its verdict of simple assault considering that the defendant 'beat the hell' out of the victim" (citing *State v. Samuel D. Braden*, No. 01C01-9610-CC-00457, slip op. at 15 (Tenn. Crim. App.,

Nashville, Feb. 18, 1998); *State v. Steven A. Bush*, No. 01C01-9605-CC-00220, slip op. at 9 (Tenn. Crim. App., Nashville, June 26, 1997); *State v. Fredrick Dona Black*, No. 03C01-9404-CR-00139, slip op. at 3-4 (Tenn. Crim. App., Knoxville, Apr. 6, 1995) (noting that the trial court may consider a defendant's enjoyment of leniency in selection of a particular conviction offense in awarding or rejecting alternative sentencing)). Of course, the sentencing court, whether that be the trial court or the appellate court conducting a review, is required to consider the "evidence, if any, received at the trial," *id.* § 40-35-210(b)(1), as well as the "nature and characteristics of the criminal conduct involved," *id.* § 40-35-210(b)(4).

The existing record does not provide an adequate substitute for the trial record because, having presided over the trial, the trial court was privy to the nature and characteristics of the case, while we are not. The presentence report, in describing the offenses, merely tracks the indictment language and provides none of the factual information underlying the charges, and the evidence presented in the sentencing hearing does little more than that.

I have considered whether this court should order a supplementation of the record. Our supreme court has said that "while appellate courts have the authority to supplement a record when necessary, Tenn. R. App. P. 24(e), we do not mean to suggest that the Court of Criminal Appeals must or should order supplementation of the record in every case where the appellant fails to provide" a necessary component of the trial record. *State v.* Caudle, 388 S.W.3d 273, 279 (Tenn. 2012). "Supplementation may be considered on a case-by-case basis and should be ordered only if the record is otherwise inadequate to conduct a meaningful appellate review on the merits of the sentencing decision." *Id.* The court added, "*If, however, the record is adequate for a meaningful review,* the appellate court may review the merits of the sentencing decision with a presumption that the missing transcript would support the ruling of the trial court." *Id.* (emphasis added). In my view, as explained above, the record before us is *not* adequate for meaningful appellate review, but the trial transcript was neither requested, prepared, nor filed with the trial court clerk. Consequently, supplementation of the record with a transcript that does not exist is impracticable. Given the current state of the record in this case, we should merely presume the correctness of the sentencing decision and affirm. *See, e.g., State v. March*, 293 S.W.3d 576, 591 (Tenn. Crim. App. 2008) ("In the absence of a full and complete record revealing the issues that form the bases for the appeal, we must presume the correctness of the trial court's determination.").

_____
JAMES CURWOOD WITT, JR., JUDGE